# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:24-CV-01023-FDW-DCK

| | | |
|---|---|---|
| **KERRY TAYAG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ROBINSON HELICOPTER COMPANY, INCORPORATED** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Robinson Helicopter Company, Inc's ("RHC") Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction. (Doc. No. 8). On February 3, 2026, this Court entered an Order holding this Motion in abeyance and directing the parties to conduct discovery as to the issue of specific jurisdiction and file supplemental memoranda by March 21, 2026. (Doc. No. 16). The Parties have now filed their supplemental memoranda (Doc. Nos. 17 and 18), and this matter is ripe for disposition.

## I.    FACTUAL BACKGROUND

The factual background is set forth in the Court's February 3 Order and is incorporated herein. Based upon the Parties' additional jurisdictional discovery, it is undisputed that Defendant shipped helicopter parts to Charlotte, North Carolina. However, the parts, including palnuts, were shipped via common carrier F.O.B. from Torrence, California[1] at the direction and expense[2] of the

---

[1] F.O.B. Torrence, California indicates that delivery occurred when the Defendant handed the parts over to the carrier in California, and at that time, title and risk of loss transferred to TTWN Media Networks, Inc., the owner of the subject helicopter.

[2] The term "COL" which appears on the invoices at issue indicates that the purchaser of the parts pays all shipping charges directly to the shipping carrier. See Doc. No. 18-1.

owner of the helicopter, TTWN Media Networks, Inc., based in Georgia. The invoices submitted by the Plaintiff show that the part numbers of the specific palnuts shipped to Charlotte, North Carolina are identified as "B330-19" and "B330-13." (Doc. No. 17-3 p. 36). Defendant does maintain a "passive website with publications relating to its helicopters that is accessible worldwide, including in North Carolina." (Doc. No. 17-2 p. 5).

Defendant has filed a supplemental affidavit of Kenneth Martin, its Manager of Mission Systems and Engineering Special Projects/Senior Technical Advisor. (Doc. No. 18-1). In his affidavit, Mr. Martin states that the specific palnut used to connect the left control rod end to the stationary swashplate of the main rotor on the subject helicopter is a B330-16 palnut. He further states that "[t]he B330-16 palnut is substantially different from the B330-19 palnut and the B330-13 palnut, and it would be impossible to use these different versions of palnuts interchangeably." Id. at 2.

II.     DISCUSSION

The Court incorporates its discussion of the standard of review and the law of personal jurisdiction found in its February 3 Order. Where, as here, the parties have conducted discovery on the issue of personal jurisdiction and have submitted evidence beyond the pleadings, the court "must hold the plaintiff to its burden of proving facts, by a preponderance of the evidence, that demonstrate the court's personal jurisdiction over the defendant." [3] Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016); see also Hamburg Sudamerikanische Dampfschiffahrts–Gesellschaft, KG v. Texport, Inc., 954 F.Supp.2d 415, 419–20 (D.S.C. 2013) (holding the plaintiff to a

---

[3] The Court is not required to conduct an evidentiary hearing in open court, but "may take most of the evidence . . . by affidavits, authenticated documents, answers to interrogatories or requests for admissions, and depositions." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016) (quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 676-77 (1st Cir. 1992)). The district court is only required to "afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments. Once the court has provided that opportunity, it must hold the plaintiff to its burden of proving facts, by a preponderance of the evidence, that demonstrate the court's personal jurisdiction over the defendant." Id.

preponderance of the evidence standard because the parties had engaged in jurisdictional discovery).

As previously determined, the issue herein is whether the Court has specific jurisdiction over the Defendant. To answer this question in the affirmative, the Defendant must have purposefully availed itself of the privilege of conducting business in North Carolina, the Plaintiff's claims must arise out of those activities directed at North Carolina, and the exercise of personal jurisdiction must be constitutionally reasonable. See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003).

The Court will first address whether the Defendant has purposefully availed itself of the privilege of conducting business in North Carolina. Even after jurisdictional discovery, the only relevant evidence Plaintiff submits in support of purposeful availment is a limited number of shipments of helicopter parts for the subject helicopter into North Carolina.[4] However, the shipment of parts resulted from the "unilateral activity of another party or a third person." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal citation omitted). All the orders for these parts were placed by, and billed to, the Georgia-based owner of the helicopter and shipped F.O.B. Torrance, California. The parts were directed to North Carolina, not by Defendant, but by the Georgia-based owner.

Defendant has cited several cases where the Fourth Circuit, as well as district courts in the Fourth Circuit, have declined to find purposeful availment under similar circumstances. See Federal Insurance Co. v. Lake Shore, Inc., 886 F.2d 654 (4th Cir. 1989); Chung v. NANA Development Corp., 783 F.2d 1124 (4th Cir. 1986); Hutton v. Hydra-Tech, Inc., 213 F. Supp. 3d

---

[4] To the extent Plaintiff may contend that the mere presence of the helicopter in North Carolina or the maintenance by Defendant of a "passive website with publications relating to its helicopters that is accessible worldwide, including in North Carolina" (Doc. No. 17-2 p. 5) constitutes purposeful availment, the Court rejects such an argument.

3

746 (M.D.N.C. 2016). For example, in <u>Hutton</u>, the court concluded that an Indiana company did not purposefully avail itself of conducting business in North Carolina when it sold an Ohio company an aerial lift device that had been shipped to North Carolina, F.O.B. Fort Wayne, Indiana. <u>Hutton</u>, 213 F. Supp. 3d at 750, 755. The Ohio company arranged for a common carrier to pick up the aerial lift truck at the Indiana company's Fort Wayne facility, and the Indiana company completed a bill of lading reflecting shipment of the aerial device to the Ohio company's facility in North Carolina. <u>Id.</u> at 750. The court concluded that the aerial device did not enter North Carolina "through any intentional conduct directed to North Carolina by [the defendant]; rather it was the unilateral activity of [the Ohio company] out of Ohio that arranged for the aerial device, which was sold F.O.B. Fort Wayne, Indiana, to be taken to North Carolina." <u>Id.</u> at 755.

Purposeful availment requires that a defendant's relationship with the forum "arise out of the contacts that the 'defendant *himself*' creates with the forum State." <u>Walden v. Fiore</u>, 571 U.S. 277, 284 (2014) (emphasis in original) (quoting <u>Burger King Corp.</u>, 471 U.S. at 475). The Court finds that any parts delivered to North Carolina, shipped via common carrier F.O.B. Torrance, California at the direction and expense of Georgia-based TTWN Media Networks, Inc. do not constitute forum-directed conduct by the Defendant.

Because Plaintiff has failed to satisfy the first prong of the test for specific jurisdiction, the Court need not consider the second prong. <u>See</u> <u>Consulting Engineers Corp. v. Geometric Ltd.</u>, 561 F.3d 273, 278 (4th Cir. 2009) (stating that "[i]f, and only if, we find that the plaintiff has satisfied this first prong of the test for specific jurisdiction need we move on to a consideration of prongs two and three."). Nevertheless, the Court finds that even if Plaintiff could establish that Defendant purposefully availed itself of North Carolina simply by occasionally shipping parts to North Carolina pursuant to a Georgia customer's request, she cannot establish that her claims arise out

4

of or relate to those shipments. Although Plaintiff has shown that palnuts were shipped to North Carolina, Defendant has presented evidence through Mr. Martin's affidavit that the specific palnuts shipped were not the type of palnut used to connect the left control rod to the stationary swashplate and thus could not have allegedly failed and caused the crash. See Doc. No. 18-1. Plaintiff has submitted no evidence to the contrary.

The question of constitutional reasonableness only comes into play after a Plaintiff first demonstrates minimum contacts. Stuart v. Spademan, 772 F.2d 1185, 1191-92 (5th Cir. 1985) (noting that "the fairness factors cannot of themselves invest the court with jurisdiction over a nonresident when the minimum-contacts analysis weighs against the exercise of jurisdiction."); Harvey v. Cable News Network, Inc., 520 F. Supp. 3d 693, 710 (D. Md. 2021). Since Plaintiff has failed to do so here, the Court is not required to address the fairness factors.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction (Doc. No. 8) is hereby **GRANTED**.

Signed: March 26, 2026

Frank D. Whitney
Senior United States District Judge

5